IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:04cr35-MHT |
| | ) | (WO) |
| CHRISTOPHER BEDGOOD | ) | |

ORDER

This case is before the court on defendant
Christopher Bedgood's motion to amend the conditions of
supervised release by terminating the requirement that
he spend 12 months of supervised release on home
detention with location monitoring. Bedgood has
completed about six and a half months of home detention
thus far.

As the government rightly points out in opposition
to the motion, Bedgood was convicted of several serious
offenses involving crack cocaine and firearms in 2004
and has twice had his supervised release revoked for
his commission of new drug-possession offenses, once in
2014, and once in 2018. At the time of the second
revocation proceeding in 2018, Bedgood was facing

sentencing in a new state case based on the same conduct that underlay his federal violations of supervised release. Based on the court's conclusions about an appropriate sentence for the violations, which the court was concerned were in part a result of untreated drug addiction, and to avoid excessive punishment in light of the state sentence Bedgood would serve, the court imposed a sentence of one day in prison followed by 12 months of home detention as a condition of supervised release, but added that, "If the defendant is ordered by the state court judge to serve a period longer than three (3) years custody on the new 2018 state charges, the aforementioned conditions may be revisited by the court." 2018 Revocation Judgment (Doc. 98) at 5. Bedgood thereafter served four years in state prison on the new state charges.

The United States Probation Officer does not oppose removing the home detention condition because Bedgood served more than three years in prison and has done

very well on supervised release thus far, not only complying with all conditions of supervision but doing so well at his job as to earn a promotion to supervisor.

Because the probation officer supports removing the home-detention condition; because of Bedgood's excellent performance on supervision thus far; because his original conviction was almost 20 years ago and his last noncompliance occurred over five years ago; because the court was concerned that his 2018 violations were in part a result of untreated drug addiction; because he has already completed about six and a half months--a significant period of time--on home detention; and in order to effectuate the court's intent at the time of the 2018 revocation proceeding to avoid excessive punishment in light of the state sentence Bedgood would serve, the court will grant the motion.

Accordingly, and based on the representations made on the record today, it is ORDERED that:

(1) Defendant Christopher Bedgood's motion to amend the conditions of supervised release (Doc. 103) is granted.

(2) The special condition of supervision requiring defendant Bedgood to serve 12 months on home detention with location monitoring is terminated as of today. *See* 2018 Revocation Judgment (Doc. 98 at p. 5)

DONE, this the 23rd day of October, 2023.

<u>   /s/ Myron H. Thompson   </u>
UNITED STATES DISTRICT JUDGE

4